**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSEPHINE M. SCHIAVONE,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　　Agency.

DOCKET NUMBER
PH-3322-20-0277-I-1

DATE: August 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph Padolsky, Esquire, Boston, Massachusetts, for the appellant.

Matthew J. Harris, Esquire, Concord, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to vacate the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that she was the subject of a personnel investigation as defined under 5 U.S.C. § 3322, we AFFIRM the initial decision.

On petition for review, the appellant argues for the first time that her resignation was involuntary.  Petition for Review (PFR) File, Tab 1 at 5-6.  She also argues for the first time that the Board has jurisdiction over her appeal challenging the notation on her Standard Form 50 (SF-50) "Resignation-ILIA" (resignation in lieu of an involuntary action) pursuant to 5 U.S.C. § 3322.[2]  *Id.* at 7.  The agency has filed a response arguing that the appellant improperly raised her involuntary resignation argument for the first time on review and did not make a nonfrivolous allegation that her appeal was within the Board's jurisdiction pursuant to 5 U.S.C.  3322.  PFR File, Tab 3 at 20-27.

The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has

---

[2]  Section 1140 of the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, signed into law on December 23, 2016, added 5 U.S.C. § 3322 to the U.S. Code to grant Board appeal rights to former employees to challenge an agency's decision to place a notation of an adverse investigative or administrative finding in the employee's official personnel folder.

made no such showing regarding her new argument that her resignation was involuntary and she provides no explanation why she did not raise this claim in her initial appeal. PFR File, Tab 1 at 5-6; Initial Appeal File (IAF), Tab 1 at 3, 5. In any event, the appellant's argument on review that she resigned pending the outcome of her proposed removal "so that she would not be adversely impacted in her efforts to obtain employment with another Federal agency" and that she would not have resigned if she had known that the agency would reference the proposed removal on her SF-50 is unavailing. PFR File, Tab 1 at 6; *see Covington v. Department of Health & Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984) (stating that it is well established that the fact that an employee is faced with an unpleasant situation or that her choice is limited to two unattractive options does not make the employee's decision any less voluntary).

Regarding the failure to respond to the administrative judge's order to show cause that her appeal was within the Board's jurisdiction, the appellant simply states that she was "under the mistaken impression that the deadline for opposing the [a]gency's motion to dismiss was Wednesday, July 8, 2020." PFR File, Tab 1 at 4 n.1. The administrative judge granted the appellant's motion for a 10-day extension of the deadline to respond to the order to show cause and explicitly stated that the new deadline to file a response was the first business day after July 4, 2020, which was July 6, 2020. IAF, Tab 9 at 1. The appellant is responsible for her representative's failure to raise the involuntary resignation claim on appeal or to file a jurisdictional response. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that it is well settled that an appellant is responsible for the errors and omissions of her chosen representative).

Having reviewed the appellant's arguments on appeal, we find that she has provided no basis to find that she has made a nonfrivolous allegation[3] that the

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

Board has jurisdiction over her appeal. PFR File, Tab 1 at 4-7; *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (holding that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation). The appellant makes a conclusory statement on review, without any supporting evidence or argument, that the Board has jurisdiction over her challenge to the "Resignation-ILIA" notation on her resignation SF-50 pursuant to 5 U.S.C. § 3322. PFR File, Tab 1 at 7.

We agree with the administrative judge that the appellant has failed to make a nonfrivolous allegation that 5 U.S.C. § 3322 applies to her claim challenging her resignation SF-50. IAF, Tab 10, Initial Decision (ID) at 2-4. However, we vacate the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that she was subject to a personnel investigation[4] because the appellant submitted evidence and argument that she resigned following receipt of notice of proposed removal for unacceptable performance under chapter 43. ID at 4; IAF, Tab 1 at 7-15. Instead, we find that the appellant's allegations demonstrate that she is challenging a notation on her SF-50 regarding a proposed action and therefore she has not made a nonfrivolous allegation that the agency made a permanent notation in her official personnel record file regarding an adverse finding. *See* 5 U.S.C. § 3322(a). Because she has not raised nonfrivolous allegations of Board jurisdiction, she is not entitled to a jurisdictional hearing. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

---

[4] The definition of a personnel investigation includes "an adverse personnel action as a result of performance, misconduct, or for such cause as will promote the efficiency of the service under chapter 43 or chapter 75." 5 U.S.C. § 3222(e)(2).

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.